# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3614
_____

David A. McDougall, Individually and as Trustee for the Next-of-Kin of Decedent
Cynthia A. McDougall

*Plaintiff - Appellee*

v.

CRC Industries, Inc.

*Defendant - Appellant*

John Doe Company *Defendant*s #1-10

*Defendant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 17, 2025
Filed: February 10, 2026
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

David McDougall's wife was killed in a car accident. The driver who hit her was high on difluoroethane gas he huffed from a can of duster manufactured by CRC

Industries, Inc. McDougall sued CRC for failure to warn and defective design under Minnesota law. The jury returned a verdict in favor of McDougall, finding that while CRC's warning was adequate, its duster was defectively designed. The district court denied CRC's motion for judgment as a matter of law. We reverse.

We review the denial of CRC's motion for judgment as a matter of law *de novo*, viewing the evidence in the light most favorable to the verdict. *Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 830 (8th Cir. 2019) (standard of review). CRC is entitled to judgment if there is no "legally sufficient evidentiary basis" for a reasonable jury to find in McDougall's favor. Fed. R. Civ. P. 50(a)(1). We apply Minnesota law in this diversity case. *Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, 953 F.3d 541, 545 (8th Cir. 2020).

To prove a defective design, McDougall "must establish not only that the product was in a defective condition, but also that it was unreasonably dangerous." *Kallio v. Ford Motor Co.*, 407 N.W.2d 92, 96 (Minn. 1987) (emphasis omitted). Deciding whether the duster is unreasonably dangerous requires balancing "the likelihood of harm, and the gravity of harm if it happens, against the burden of the precaution which would be effective to avoid the harm." *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 621 (Minn. 1984) (citation omitted). To satisfy this requirement, "the plaintiff ordinarily has the burden of showing the existence of an alternative design that was safer." *Kallio*, 407 N.W.2d at 96.

CRC claims it is entitled to judgment as a matter of law because McDougall failed to present evidence from which the jury could find that its duster was unreasonably dangerous. McDougall responds that under Minnesota law he didn't have to present alternative design evidence. The district court agreed with McDougall, relying on a sentence from the Minnesota Supreme Court's decision in *Kallio* explaining that "evidence of a safer alternative design . . . is not necessarily required in all cases." *Id.* at 96–97. But the footnote immediately following that sentence explains its limited application: "Conceivably, rare cases may exist where the product may be judged unreasonably dangerous because it should be removed

-2-

from the market rather than be redesigned." *Id.* at 97 n.8; *see Wagner v. Hesston Corp.*, 450 F.3d 756, 760 (8th Cir. 2006) (cautioning that it's "a bit misleading" to read *Kallio* as dispensing with the alternative design evidence requirement in product liability cases). *Kallio* clarified that in those "rare cases" where there is no feasible alternative design, the jury can weigh the product's potential harm against the burden of removing the product from the market. But it is still the plaintiff's burden to either present alternative design evidence or assert that the product is so unreasonably dangerous it should be removed from the market altogether. *See Kapps v. Biosense Webster, Inc.*, 813 F. Supp. 2d 1128, 1161 (D. Minn. 2011) ("*Kallio* simply explains that in conducting the reasonable-care balancing test . . . the relative costs and benefits of an allegedly defective design must be weighed against . . . either (1) a proposed alternative design, or (2) the removal of the challenged product from the market."); *Wagner*, 450 F.3d at 760 ("[Plaintiff] did not assert that his was the rare case involving a product so dangerous that it should be removed from the market entirely" so "the District Court would have acted properly even if it had required the proffered experts to establish the existence of a feasible alternative [design]." (cleaned up)).

McDougall concedes he "did not rely on the existence of an alternative design." Nor did he present evidence CRC's duster is "so dangerous that it should be removed from the market entirely."[1] *Wagner*, 450 F.3d at 760. So there was no evidentiary basis for the jury to balance the dangerousness of the duster against either the burden of an alternative design or its removal from the market. *See Kapps*, 813 F. Supp. 2d at 1161 (granting summary judgment where plaintiff had "no evidence to show" that the product "should have been designed differently or taken off of the

---

[1]McDougall argues the jury could have found the duster was "so dangerous it should be removed from the market" based on counsel's closing argument, which told the jury that if CRC can't make their duster safe, "then get rid of it or you pay the price." But the jury was instructed that statements by lawyers are not evidence, and we presume it followed those instructions. *Stults v. Am. Pop Corn Co.*, 815 F.3d 409, 415 (8th Cir. 2016).

-3-

market"); *Am. Fam. Ins. Co., S.I. v. Pecron, LLC*, No. 21-cv-1749, 2023 WL 8654202, at *4 (D. Minn. 2023) (similar).

We vacate the judgment and remand for entry of judgment as a matter of law in CRC's favor.

_____